95 F.3d 1152
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Joseph Gregory DUNBAR, Plaintiff-Appellant,
v.
Gerald M. LORENCE, Defendant-Appellee.
 No. 95-1401.
 United States Court of Appeals, Sixth Circuit.
 Aug. 22, 1996.
 
 Before: SILER, MOORE, and COLE, Circuit Judges.
 
 ORDER
 
 1
 Joseph Gregory Dunbar appeals a district court judgment dismissing his civil rights complaint filed under 42 U.S.C. § 1983 as barred under the doctrine of res judicata. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Dunbar filed his complaint in the district court alleging that the defendant private attorney bribed a state court judge to appoint him to represent plaintiff on a direct appeal taken from his state court rape conviction so that defendant could ensure that plaintiff would be unsuccessful on appeal. Plaintiff sought only $500,000 in unspecified damages. Defendant moved to dismiss the complaint as barred under the doctrine of res judicata based upon the district court's dismissal of plaintiff's earlier § 1983 complaint as frivolous, and plaintiff responded in opposition to defendant's motion. The magistrate judge recommended that the motion to dismiss be granted, and plaintiff filed objections. The district court adopted the magistrate judge's recommendation and dismissed the complaint.
 
 
 3
 Plaintiff filed a timely notice of appeal, and the district court certified that the appeal was not taken in good faith and denied plaintiff leave to proceed in forma pauperis on appeal. Thereafter, this court also denied plaintiff pauper status. Plaintiff then paid the appellate filing fee.
 
 
 4
 On appeal, plaintiff reiterates his contention that defendant conspired to be appointed to represent plaintiff on his direct criminal appeal to ensure that plaintiff would not be successful. Defendant has notified the court that he does not intend to file a brief on appeal.
 
 
 5
 Upon consideration, the judgment of the district court is affirmed for reasons other than those stated by the district court. See Russ' Kwik Car Wash, Inc. v. Marathon Petroleum Co., 772 F.2d 214, 216 (6th Cir.1985) (per curiam). Generally, this court reviews de novo the dismissal of a complaint as barred under the doctrine of res judicata. Sanders Confectionery Prods., Inc. v. Heller Fin., Inc., 973 F.2d 474, 480 (6th Cir.1992), cert. denied, 506 U.S. 1079 (1993). Under the doctrine of res judicata or claim preclusion, a final judgment on the merits precludes a party from relitigating claims that were or which could have been asserted in an earlier action between the same parties. Federated Dep't Stores, Inc. v. Moitie, 452 U.S. 394, 398 (1981); Sanders Confectionery Prods., Inc., 973 F.2d at 480. Res judicata is established by four elements: (1) a final decision on the merits in an earlier action by a court of competent jurisdiction; (2) the later action involves the same parties or their privies; (3) the later action raises issues that were or could have been asserted in the earlier action; and (4) there is an identity of the causes of action. Sanders Confectionery Prods., Inc., 973 F.2d at 480. Here, the doctrine of res judicata does not operate to preclude plaintiff's complaint because the dismissal of plaintiff's first complaint as frivolous pursuant to 28 U.S.C. § 1915(d) was not an adjudication on the merits. See Denton v. Hernandez, 504 U.S. 25, 34 (1992). Therefore, the earlier dismissal was not a final decision on the merits needed to establish res judicata.
 
 
 6
 Nonetheless, we affirm the district court's judgment because plaintiff failed to state a claim upon which relief can be granted under § 1983 against defendant. As noted by the district court, the allegations of plaintiff's complaint herein are similar to those he raised in his initial complaint. In the earlier case, the district court concluded that plaintiff did not show that defendant acted under color of state law. See Lugar v. Edmondson Oil Co., 457 U.S. 922, 936-39 (1982). However, the court noted that private actors may be liable under § 1983 if they conspire with a state actor to violate civil rights. Lugar, 457 U.S. at 941; Dennis v. Sparks, 449 U.S. 24, 27-32 (1980). Here, plaintiff alleged only in a conclusory manner that defendant conspired with a state court judge. Plaintiff's allegation is a mere conclusion which need not be accepted as true. See Ana Leon T. v. Federal Reserve Bank, 823 F.2d 928, 930 (6th Cir.) (per curiam), cert. denied, 484 U.S. 945 (1987). Therefore, plaintiff failed to state a claim upon which relief can be granted under § 1983.
 
 
 7
 Accordingly, the judgment of the district court is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.